EASTERN DIST.
*May*, 1838.

WALLACE, LAMBETH AND POPE *vs.* BEAUCHAMP ET AL.

ON A REHEARING.

When the evidence leaves it doubtful whether the parties understood each other, as to the transfer of a certain account, charging the defendants' *firm* with it, the jury is the proper tribunal to decide upon the whole matter.

The plaintiffs' debtor is a competent witness in a suit between them and the defendant, who is sued on his promissory note, when it appears the witness' private account was contracted before the execution of the note sued on, even when the defendant is charged with it, by a transfer of the plaintiffs, made by them afterwards.

*Downs*, of counsel, applied for a rehearing in this case, on the following grounds:

The document H., and the answer of Lambeth, the only one of the partners that knew any thing of the transaction, both show, that the transfer of Bostwick's accounts to the account of D. S. Beauchamp & Co., was made on sufficient authority and without condition. The only parts of the evidence that tends in the least to invalidate this, is the testimony of Bostwick, and to this it is objected :

1. That he was an incompetent witness, being a partner in the firm of D. S. Beauchamp and Co., who were co-obligors in the note sued on, and directly interested in the event of the suit, because B. Dunn and T. Dunn would have had, in case judgment had been rendered against them on this note, an action against him. A bill of exceptions having been taken to his testimony, and insisted on in this court, his testimony should have been rejected.

2. That the testimony of one witness could not invalidate the answers of a party interrogated on oath.

A rehearing having been allowed, the case was held under advisement until the present term.

EASTERN DIST.
*May*, 1838.

CURELL
*vs.*
JOHNSON.

When the evidence leaves it doubtful whether the parties understood each other, as to the transfer of a certain account, charging the defendants' *firm* with it, the jury is the proper tribunal to decide upon the whole matter.

The plaintiffs' debtor is a competent witness, in a suit between them and the defendant, who is sued on his promissory note, when it appears the witness's private account was contracted before the execution of the note sued on, even when the defendant is charged with it by a transfer of the plaintiffs, made by them afterwards.

*Bullard, J.,* delivered the opinion of the court.

We have held this case, in which a rehearing was allowed, a long time under advisement. The judgment first rendered, maintained the verdict of a jury, by which the amount of John Bostwick's private account with the plaintiffs, which had been charged to Beauchamp & Co., was disallowed.

If the final decision depended wholly upon the question, how far the answers of the plaintiffs to the interrogatories were direct or evasive, we should be inclined to set aside the verdict. It does not appear to us there was any design on their part, to evade the questions as to any condition annexed to the transfer of that account. The evidence, however, leaves it doubtful whether the parties understood each other. We think Bostwick was a competent witness, under all the circumstances of the case, and the jury was the proper tribunal to decide upon the whole matter. Bostwick's private account was contracted long before the execution of the note sued on, and the plaintiffs had other collateral security, and when this note was given, it was not contemplated to cover that account as an advance made to Beauchamp & Co.

It is, therefore, ordered, adjudged and decreed, that the judgment first rendered remain undisturbed.